NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0590n.06
Filed: October 1, 2008

No. 07-3948

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROSA RODRIGUEZ,

     Petitioner,

v.

MICHAEL B. MUKASEY,
Attorney General

     Respondent.

On appeal from the Board of
Immigration Appeals

_____/

BEFORE:    GUY, RYAN and McKEAGUE, Circuit Judges.

     RYAN, Circuit Judge.    The petitioner, Rosa Rodriguez, appeals an order of the Board of Immigration Appeals (BIA) adopting and affirming an Immigration Judge's (IJ) denial of Rodriguez's claim for adjustment of status. Because we find that Rodriguez waived the issue of her removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I), we deny her petition for review.

**I.**

     In 1984, Rodriguez, a Colombian native, entered the United States as a non-immigrant visitor. On April 12, 1990, she married Andre Collier, a United States citizen. The next month, Collier filed an I-130 visa petition on his wife's behalf. Apparently, the former Immigration and Naturalization Service (INS) never acted on Collier's petition. During the pendency of the visa petition, INS granted Rodriguez permission to travel to

Colombia on two occasions:  once in 1991 for a month, and again in 1997.  It appears that when she returned to the United States in 1997 following her visit to Colombia, she did not have a valid immigrant visa or other valid admission document in her possession.

On May 21, 2002, twelve years after Collier's I-130 petition was filed, the INS denied the petition and terminated Rodriguez's parole status on the ground that her marriage to Collier was not "valid."  INS also placed Rodriguez in removal proceedings, charging her with violations of:  (1) being an alien who attempted to procure an immigration benefit by fraud or willful misrepresentation of a material fact, in violation of 8 U.S.C. § 1182(a)(6)(C)(i); and (2) being an alien who, at the time of application for admission, lacked possession of a valid entry document, in violation of  8 U.S.C. § 1182(a)(7)(A)(i)(I).

On April 15, 2003, Collier filed a second I-130 petition.  On July 16, 2003, the Department of Homeland Security (DHS, having taken over the duties of the INS) denied the application.  At her removal hearing on December 16, 2004, Rodriguez denied the allegation that she sought to procure a visa by fraud, instead claiming a bona fide marriage to Collier, but she did not contest the charge that she attempted to reenter the country without a valid entry document, the § 1182(a)(7)(A)(i)(I) violation.

On August 25, 2005, the IJ determined Rodriguez was removable on both grounds as charged by DHS.  On January 26, 2006, Rodriguez appealed to the BIA, challenging only the finding that she entered into a sham marriage.  On July 10, 2007, the BIA adopted and affirmed the IJ's decision and dismissed Rodriguez's appeal.

## II.

Both parties agree that on August 27, 1997, the day Rodriguez attempted to return to the United States after her second trip to Colombia, she did not possess a valid entry

document.  Because Rodriguez has not contested this finding in her BIA appeal, she has failed to administratively exhaust the issue, and moreover, she does not appeal that ground for removal in this court.  She has, therefore, waived it.  See United States v. Newsom, 452 F.3d 593, 607 (6th Cir. 2006).

## III.

It is unnecessary to discuss the merits of Rodriguez's issue regarding 8 U.S.C. § 1182(a)(6)(C)(i), the marriage claim, because any resolution of that issue would afford no meaningful relief, as she is separately removable under § 1182(a)(7)(A)(i)(I).

## IV.

The petition is **DENIED**.